## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF KENTUCKY
### NORTHERN DIVISION
### AT COVINGTON

**CRIMINAL ACTION NO. 06-31-DLB-CJS**
**CIVIL ACTION NO. 16-81-DLB-CJS**

**UNITED STATES OF AMERICA**                                                    **PLAINTIFF**


**v.**                          <u>**REPORT AND RECOMMENDATION**</u>


**LARON ARTIS**                                                                **DEFENDANT**

* * * * * * * * * * * *

Defendant Laron Artis filed a *pro se* Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.  (R. 95).  The United States filed its Response (R. 98), to which Artis filed a Reply (R. 100).  Artis also filed a document entitled "Judicial Notice," wherein he cites to additional authority in support of his Motion.  (R. 101).  For the reasons stated below, it will be **recommended** that Artis's § 2255 Motion (R. 95) be **denied**.

## I.      PROCEDURAL BACKGROUND

On March 30, 2006, Artis was charged in a Criminal Complaint with knowingly and intentionally distributing 50 grams or more of cocaine base and knowingly possessing a firearm having previously been convicted of a felony. (R. 1).  On May 10, 2006, a federal grand jury returned a seven-count Indictment against Artis, charging him with two counts of distribution of crack cocaine, one count of possession with intent to distribute crack cocaine, two counts of possession of a firearm having been previously convicted of a felony and two forfeiture counts. (R. 9).

On July 26, 2006, Artis appeared before the presiding District Judge and, pursuant to a written Plea Agreement, pleaded guilty to Count 3, which charged him with knowingly and

intentionally possessing with intent to distribute 50 grams or more of cocaine base, as well as Count 7, an asset forfeiture count.  (R. 22; R. 37).  The Government agreed to move to dismiss the remaining counts at the time of sentencing.

On November 28, 2006, Artis appeared before the presiding District Judge for sentencing. (R. 41; R. 42; R. 47).  The District Judge confirmed Artis did not have any unresolved objections to the Presentence Investigation Report (PSR) that impacted sentencing and explained the Sentencing Guidelines calculations, which included confirmation of the parties' agreement that Artis met the definition of a career offender under Sentencing Guideline § 4B1.1.  (R. 47, at 4).  The Court found Artis's total offense level to be 34 and his criminal history category to be VI, which resulted in a range of 262 to 327 months of imprisonment under the Sentencing Guidelines.  For reasons not relevant to the adjudication of the pending Motion, the presiding District Judge departed below the Sentencing Guidelines range and sentenced Artis to the mandatory minimum of 240 months with a 10-year term of supervised release to follow.  (R. 42; R. 47, at 14-15).

Artis filed a direct appeal, arguing the Government breached the Plea Agreement.  (R. 43). The Government voluntarily moved to remand the case, and the Sixth Circuit remanded the matter for resentencing.  (R. 50).  On January 4, 2008, Artis appeared for resentencing, and was sentenced to 180 months of imprisonment to be followed by 8 years of supervised release.[1]  (R. 61).  Artis again appealed his sentence, which the Sixth Circuit affirmed.[2]  (R. 76).

---

[1]The PSR notes that the 2005 Sentencing Guidelines Manual was initially used to calculate Artis's Guidelines range, but upon resentencing he was given the benefit of the changes reflected in the November 1, 2007, Manual, which reduced his base offense level from a 34 to a 32. (PSR, at ¶ 16; Third Addendum to PSR, at 1). However, under both editions of the Sentencing Guidelines Manual his base offense was enhanced to a level 37 because of his classification as a career offender and, after the 3-level reduction for acceptance of responsibility, his total offense level was 34. Further references herein are to the 2007 Sentencing Guidelines Manual since it was applied in rendering the January 4, 2008, Amended Judgment.

[2]Artis also later filed two motions seeking a reduction in his sentence based on amendments to the Sentencing Guidelines, which motions were denied by the District Judge.  (R. 86; R. 89; R. 90; R. 91; R. 94).

Artis has now filed the pending § 2255 Motion.  (R. 95).  In his Motion, Artis argues he was incorrectly sentenced as a career offender because his prior felonies do not qualify as predicate offenses absent reliance on the residual clause.  (R. 95, at 4).  In his Memorandum in Support, Artis sets forth two arguments: 1) his predicate offenses should have counted as one offense, not two, because the state court consolidated the cases; and 2) the Supreme Court's decision in *United States v. Johnson*, __ U.S. __, 135 S. Ct. 2551 (2015) applies to invalidate the career offender enhancement he received because his third-degree robbery conviction no longer qualifies as a predicate offense.[3] (R. 95-1, at 2-4).  In addition, Artis asserts in his Reply a claim of ineffective assistance of counsel. (R. 100).

## II.    ANALYSIS

Under 28 U.S.C. § 2255(a), a federal prisoner may seek habeas relief on grounds that his conviction or sentence violated the Constitution or laws of the United States, that the court lacked jurisdiction to impose the sentence, that the sentence exceeded the maximum authorized by law, or that the sentence is otherwise subject to collateral attack.  *See* 28 U.S.C. § 2255(a).  A § 2255 motion does not have to be founded on constitutional error or even federal law.  *Watt v. United States*, 162 F. App'x 486, 502-03 (6th Cir. 2006).   However, to succeed on a § 2255 motion alleging constitutional error, a defendant "must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings."  *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)).  To obtain

---

[3]While in his filings Artis sometimes references his third-degree robbery conviction as being for third-degree burglary (*see* R. 95-1, at 4; R. 100, at 6), review of the PSR and his other filings demonstrate he has a prior Ohio conviction for third-degree robbery, not burglary.  (PSR, at 7, ¶ 30; R. 95-1, at 5).  Artis's references to burglary are presumed to be in error as the record does not evidence he was ever convicted of burglary.

relief under § 2255 for a nonconstitutional error, a defendant must establish either a fundamental defect in the criminal proceedings which inherently resulted in a complete miscarriage of justice, or an error so egregious that it amounts to a violation of due process.  *See Riggs v. United States*, 209 F.3d 828, 831 (6th Cir. 2000), *abrogated on other grounds as recognized by Kumar v. United States*, 163 F. App'x 361 (6th Cir. 2006); *see also Hicks v. United States*, 122 F. App'x 253, 256 (6th Cir. 2005); *McNeal v. United States*, 17 F. App'x 258, 260-61 (6th Cir. 2001).

In sum, a defendant must allege in his § 2255 motion that: (1) his conviction was the result of an error of constitutional magnitude; (2) his sentence was imposed outside of statutory limits; or (3) there was an error of law or fact so fundamental as to render the proceedings invalid.  *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006) (citing *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)).  A defendant must prove his allegations by a preponderance of the evidence.  *Pough*, 442 F.3d at 964.

### A.      Artis's sentence is not impacted by the Supreme Court's decision in *Johnson*.

Artis argues his Ohio conviction for third-degree robbery no longer qualifies as a predicate offense under *Johnson*, and he requests that he be resentenced without the career offender enhancement.[4]  (R. 95, at 4, 13; R. 95-1, at 4).  As discussed below, *Johnson* does not provide Artis with the relief he seeks.

In *Johnson*, the Supreme Court found the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1), to be unconstitutionally vague.  135 S. Ct. at 2560-62.  Under the ACCA, a defendant convicted of being a felon in possession of a firearm faces a mandatory

---

[4]While it appears Artis was originally charged in Hamilton County, Ohio, Court of Common Pleas with second-degree robbery, the record from the state court that Artis attached to his Motion demonstrates he entered a plea of guilty to third-degree felony robbery.  (R. 95-1, at 5).

minimum of 15 years of imprisonment if he has three previous convictions for a violent felony, a serious drug offense or both.  18 U.S.C. § 924(e)(1).  The ACCA defines the term "violent felony" to include any previous felony conviction that "involves conduct that presents a serious potential risk of physical injury to another."  18 U.S.C. § 924(e)(2)(B). This portion of the definition of "violent felony" is the "residual clause," which the Supreme Court held in *Johnson* is unconstitutionally vague. *Johnson*, 135 S. Ct. at 2563.  The Supreme Court has also held that *Johnson* has retroactive effect to cases on collateral review.  *Welch v. United States*, __U.S. __, 136 S. Ct. 1257, 1268 (2016).

The Sixth Circuit has extended the rationale in *Johnson* to invalidate certain sentences imposed utilizing the career offender provision in § 4B1.1 of the Sentencing Guidelines.  The Sixth Circuit in *United States v. Pawlak* extended the holding of *Johnson* to an identical residual clause in Sentencing Guideline § 4B1.2(a) defining "crime of violence" under the career offender enhancement, rendering the residual clause in § 4B1.2(a) unconstitutionally vague.  *See United States v. Pawlak,* 822 F.3d 902, 910 (6th Cir. 2016).  Retroactive application of the *Johnson* holding to the Sentencing Guidelines has recently been recognized by the Sixth Circuit, *see In re Patrick,* 833 F.3d 584, 588-89 (6th Cir. 2016) ("The Supreme Court's rationale in *Welch* for finding *Johnson* retroactive applies equally to the Guidelines."), and the question will be taken up by the Supreme Court this term in *Beckles v. United States,* __ U.S. __, 136 S. Ct. 2510 (2016) (granting petition for a writ of certiorari) (Mem.).

Under § 4B1.1, there are three criteria for determining whether a defendant is a "career offender":  "(1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime

of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S. Sentencing Guidelines Manual (U.S.S.G.) § 4B1.1(a) (2007). The definitions for "crime of violence" and "controlled substance offense" are defined in Sentencing Guideline § 4B1.2. *Johnson* and *Pawlak* apply only to the residual clause used to define "crime of violence." There is no residual clause in the definition of "controlled substance offense." (*Compare* U.S.S.G. § 4B1.2(a) (definition of "crime of violence"), *with* U.S.S.G. § 4B1.2(b) (definition of "controlled substance offense")).

Here, a review of the PSR reveals that Artis was correctly found to be a career offender under Sentencing Guideline § 4B1.1, and such finding did not implicate the residual clause found unconstitutional in *Pawlak*. Artis does not argue that any error was made in the findings regarding the first two criteria under § 4B1.1. The PSR provides he was born on April 5, 1977, and thus the first requirement was met because he was at least eighteen years old at the time he committed the offense in this case. (PSR, at 2). In addition, in this matter he pleaded guilty to possessing with intent to distribute 50 grams or more of cocaine base–a controlled substance offense. (R. 22; R. 37; R. 49). Therefore, the second requirement was met since the instant offense of conviction is a felony that is a controlled substance offense. Thus, the only issue is whether Artis had at least two prior felony convictions of either a crime of violence or a controlled substance offense.

The PSR and the Plea Agreement demonstrate that Artis was found to meet the third criteria because he had both a prior felony conviction for a controlled substance offense and a prior felony conviction for a crime of violence. (PSR, at ¶¶ 23, 30-31; R. 37, at 3-4, ¶ 3(i)(1)-(4)). As discussed below, Artis's prior convictions qualified him as a career offender.

Artis does not specifically argue that his conviction in the Court of Common Pleas, Hamilton County, Ohio, for drug trafficking is invalid under *Johnson* or *Pawlak*.[5]  Nor would such an argument have merit as neither *Johnson* nor *Pawlak* invalidated the definition of a "controlled substance offense."[6]  *See Perkins v. United States*, No. 5:14-cr-221, 2016 WL 6134010, at *2 (N.D. Ohio Oct. 21, 2016) ("Because *Johnson* did not concern the definition of a "controlled substance offense," *Johnson* has no effect on the propriety of [defendant's] sentence.").  As discussed above, *Pawlak* applies only to the residual clause used to define "crime of violence."  There being no residual clause in the definition of "controlled substance offense," the presiding District Judge's determination that Artis's Ohio drug-trafficking conviction was a predicate offense is not implicated by *Johnson* or its progeny.

Instead, Artis argues *Johnson* and *Pawlak* apply to his circumstance to invalidate the career offender enhancement because his Ohio conviction for third-degree robbery no longer qualifies as a crime of violence under the career-offender Guideline. (R. 95, at 4; R. 95-1, at 4; R. 100, at 6).  Given the holdings of *Johnson* and *Pawlak*, the validity of Artis's sentence depends on whether his conviction in Ohio for third-degree felony robbery qualifies as a "crime of violence" under either the use-of-force provision or the enumerated-offense provision of Sentencing Guideline § 4B1.2.[7]  *See*

---

[5]While Artis argues his state convictions for drug trafficking and robbery should be counted as one prior felony conviction and not two, this argument does not implicate *Johnson* and is discussed below with the non-*Johnson* claims.

[6]Section 4B1.2(b) defines "controlled substance offense" as: "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense."  U.S.S.G. § 4B1.2 (2007).

[7]Section 4B1.2(a) defines "crime of violence" as: "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that -- (1) has as an element the use, attempted use, or

*cf. United States v. Stephens*, 651 F. App'x 445, 447-49 (6th Cir. 2016) (affirming sentence, finding defendant was properly classified as a career offender where prior convictions qualified as predicate offenses independent of the residual clause)*; United States v. Priddy*, 808 F.3d 676, 683-86 (6th Cir. 2015) (explaining Supreme Court's invalidation of the residual clause does not effect district court's finding that defendant's prior convictions qualified as violent felonies where the prior convictions fell within either the use-of-force or enumerated-offense clauses).  The Government contends that Artis's Ohio conviction for robbery qualifies as a crime of violence under both the use-of-force clause and the enumerated-offense clause as expanded by Application Note 1 to Sentencing Guideline § 4B1.2.  (R. 98).  Artis disagrees.  (R. 100).

In determining if Artis's Ohio conviction for third-degree robbery qualifies as a "crime of violence" under either the use-of-force or enumerated-offense provisions of § 4B1.2, the Court must employ a categorical approach, considering only the statutory elements of his prior offense, and not the particular facts underlying his conviction.  *See United States v. Evans,* 378 F. App'x 485, 486 (6th Cir. 2010) ("In determining whether a prior conviction is of a violent felony under § 4B1.2, we apply the rules developed for engaging in the parallel inquiry under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1).")*; see also Mathis v. United States,* __ U.S. __, 136 S. Ct. 2243, 2253-54 (2016) (to determine whether a past conviction is for one of the enumerated offenses listed

---

threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*."  U.S.S.G. § 4B1.2(a) (2005)(emphasis added).  The first subsection is known as the use-of-force clause.  The unitalicized text in the second subsection is known as the enumerated-offense clause, and the italicized text in this subsection is the residual clause.  In addition, Application Note 1 to § 4B1.2 further identifies the crimes that fall within the enumerated-offense clause by providing "crime of violence" also includes other offenses, including robbery. (*Id.*).  Importantly, only the residual clause of the definition has been held to be unconstitutionally vague. *See cf. Johnson,* 135 S. Ct. at 2563; *see also Pawlak,* 822 F.3d at 910.

in the ACCA, courts compare the elements of the crime of conviction with the elements of the "generic" version of the listed offense); *United States v. Mansur*, 375 F. App'x 458, 463 (6th Cir. 2010) (in determining if a prior conviction is a violent felony under the ACCA, the court examines the offense "in terms of how the law defines the offense and not in terms of how an individual offender may have committed it on a particular occasion") (quoting *Begay v. United States*, 553 U.S. 137 (2008)).

Here, at the time Artis committed the offense, the Ohio robbery statute provided:

(A)    No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following:

(1)    Have a deadly weapon on or about the offender's person or under the offender's control;

(2)    Inflict, attempt to inflict, or threaten to inflict physical harm on another;

(3)    Use or threaten the immediate use of force against another.

(B)    Whoever violates this section is guilty of robbery.  A violation of division (A)(1) or (2) of this section is a felony of the second degree.  A violation of division (A)(3) of this section is a felony of the third degree.

Ohio Rev. Code § 2911.02(A)-(B) (effective July 1, 1996).  In addition, Ohio defines "force" as "any violence, compulsion, or constraint physically exerted by any means upon or against a person or thing."  Ohio Rev. Code § 2901.01(A)(1).  Thus, § 2911.02 is a divisible statute, proscribing three different crimes.  Ohio Rev. Code § 2911.02(A).

Here, the parties agreed in the Plea Agreement, and Artis admitted during his rearraignment, that he had a prior Ohio conviction for third-degree felony robbery.  (R. 49, at 10; R. 37, at 4, ¶ 3(i)(3)).  Artis's current filings also acknowledge that he was convicted of third-degree felony robbery.  (R. 95-1, at 5; R. 100, at 3).  Notably, only § 2911.02(A)(3) constitutes a felony of the

third-degree; the other two provisions constitute a felony in the second-degree.  *See* Ohio Rev. Code § 2911.02(B).  Thus, at the time Artis committed the offense, the Ohio robbery statute provided that a person committed a felony of the third degree if "in attempting or committing a theft offense or in fleeing immediately after the attempt or offense," he "[u]se[s] or threaten[s] the immediate use of force against another."  Ohio Rev. Code § 2911.02(A)(3) (effective July 1, 1996).

Because a conviction of third-degree felony robbery in Ohio requires a defendant "[u]se or threaten the immediate use of force against another," it qualifies as a predicate offense under the use-of-physical force clause contained in Sentencing Guideline § 4B1.2(a)(1).  *See Ross v. United States*, No. 3:08-cr-61, 2016 WL 6892754 (E.D. Tenn. Nov. 22, 2016) (finding defendant's conviction of third-degree robbery in Ohio qualified as a crime of violence under the use-of-force clause of § 4B1.2(a)(1), and thus *Johnson* did not apply to invalidate defendant's sentence); *United States v. Wright*, No. 3:04-cr-3, 2016 WL 6525388, at *2 (S.D. Ohio Nov. 3, 2016) (recommending dismissal of § 2255 motion, finding prior version of Ohio robbery statute that contained only a use-of-force provision envisioned the type of force that posed actual or potential harm to a person and qualified as predicate conviction for ACCA purposes without consideration of the residual clause)*;* *United States v. White*, No. 4:08-cr-103, 2016 WL 3945361, at *6 (N.D. Ohio July 19, 2016) (finding third-degree felony robbery under § 2911.02(A)(3) to be a predicate offense under the use-of-force clause of the ACCA) *appeal filed* No. 16-3878 (6th Cir. July 29, 2016); *United States v. Jordan*, No. 3:13-cr-098, 2016 WL 3654469, at *2 (S.D. Ohio July 8, 2016) (recommending dismissal of § 2255 motion, finding Ohio's third-degree felony robbery contained elements that fit comfortably within provision of § 4B1.2(a)(1) requiring the use, attempted use, or threatened use of force against the person of another), *supplemented on reconsideration*, 2016 WL 4536696 (S.D. Ohio Aug. 9, 2016),

*adopted by* 2016 WL 4527520 (Aug. 30, 2016); *United States v. Ginter*, No. 5:13-cr-151-DCR, 2016 WL 347663, at *6 (E.D. Ky. Jan. 28, 2016) (finding defendant's conviction of robbery under Ohio's prior version of statute constituted a violent felony without consideration of residual clause where statute provided "[n]o person, in attempting or committing a theft offense . . . or in fleeing immediately after such attempt or offense, shall use or threaten the immediate use of force against another"), *appeal filed* No. 16-5377 (6th Cir. Mar. 30, 2016).

Artis's argument that his Ohio conviction for third-degree robbery does not require sufficient force, as defined by *Johnson v. United States*, 559 U.S. 133 (2010),[8] to fall within the use-of-force provision (*see* R. 100, at 4) has been specifically rejected by other courts in this circuit.  *See White*, 2016 WL 3945361, at *6; *Wright*, 2016 WL 6525388, at *2; *Ginter*, 2016 WL 347663, at *6.  As a district judge in this district recently explained,

> Ginter's Ohio robbery conviction qualifies as a violent felony under the ACCA if it "has as an element the use, attempted use, or threatened use of physical force against the person of another."  18 U.S.C. § 924(e)(2)(B)(i).  The meaning of "physical force" is a question of federal law. *Johnson v. United States*, 559 U.S. 133, 138 (2010). While the definition in the state statute at issue need not mirror the federal definition of physical force, it must encompass "force capable of causing physical pain or injury to another person." *Id*. at 140.  Such force should be "strong enough to constitute power."  *Id*. at 142 (internal quotation marks and citation omitted).
>
> In 1983, the Ohio robbery statute provided that, "[n]o person, in attempting or committing a theft offense . . . or in fleeing immediately after such attempt or offense, shall use or threaten the immediate use of force against another."  Ohio Rev. Code § 2911.02(A) (effective Jan. 1, 1974). This language closely tracks the language in 18 U.S.C. § 924(e)(2)(B)(i).  Additionally, Ohio defined "force" as "violence, compulsion, or constraint physically exerted by any means upon or against a person or thing."  Ohio Rev. Code § 2901.01(A)(1) (effective July 21, 1982) (emphasis added).  Consequently, Ginter was convicted of an offense that had as an element the use or threatened use of physical violence, compulsion, or constraint, all

---

[8] To avoid confusion between the two Supreme Court *Johnson* cases cited herein, the Court will refer to *Johnson*, 559 U.S. 133, as *Johnson* (2010).

of which address force "strong enough to constitute power." *Johnson*, 559 U.S. at 142. Moreover, physical violence, compulsion, and constraint address "force capable of causing physical pain or injury" to another. *Id*. at 140.

While Ohio's definition of the term "force" included violence exerted upon a "thing," Ohio's robbery definition narrowed the use of physical force to a person. Ohio Rev. Code § 2911.02(A). As a result, the magistrate judge properly concluded that Ginter's prior conviction for robbery in 1984 qualified as a violent felony under the "use of force" clause in 18 U.S.C. § 924(e)(2)(B)(i). *See United States v. McMurray*, 653 F.3d 367, 374 n.6 (6th Cir. 2011) (citing *United States v. Mansur*, 375 Fed. Appx. 458, 464 (6th Cir. 2010) (holding that attempted robbery in Ohio qualified under the ACCA's "use of force" clause)); *United States v. Logan*, 16 F.3d 1222 (Table), at *1, 1994 WL 49587 (6th Cir. 1994).

*Ginter*, 2016 WL 347663, at *6. While the court in *Ginter* considered a version of Ohio's robbery statute that was revised prior to Artis's conviction under that statute, the language of the prior statute remains, codified at § 2911.02(A)(3), as defining third-degree felony robbery, which is the offense to which Artis pleaded guilty.

Further, the Sixth Circuit specifically considered whether the definition of "force" applicable to Ohio's robbery statute met the definition of "physical force" contained in the ACCA as defined by *Johnson* (2010), and held that it did:

> [A]t the time of Mansur's conviction, Ohio courts had already noted that the "type of force" envisioned by the force prong of the Ohio robbery statute was []'that which poses actual or potential harm to a person.' . . . Force which involves actual or potential harm to a person is force capable of causing physical pain or injury to another person; therefore, the type of force that was an element of the Ohio attempted robbery statute that Mansur was convicted under is physical force as that term is defined for purposes of the first prong of 18 U.S.C. § 924(e)(2)(B).

*Mansur*, 375 F. App'x at 464 n.8 (citations omitted). Thus, under *Mansur*, Artis's argument that his Ohio conviction for third-degree robbery did not meet the definition of "crime of violence" because it did not necessitate the amount of force required by *Johnson* (2010) to fall within the use-of-force provision fails.

12

Further, Artis's citation to *United States v. Litzy*, 137 F. Supp. 3d 920 (S.D. W.Va. 2016) does not compel a different finding.  (R. 101, at 1-2).  *See White*, 2016 WL 3945361, at *6; *Ginter*, 2016 WL 347663, at *6.  In *White*, the court explained:

> Defendant White cites to an out-of-circuit district court opinion in *United States v. Litzy*.  The District Court in *Litzy* found that [Ohio Revised Code § 2911.02](A)(3) was no longer a predicate offense because Ohio's definition of "force" was overly broad of the *Johnson* 2010 definition.  For example, the *Litzy* court pointed out, "force" includes violence exerted against "a thing" rather than physical force against a person, as *Johnson* 2010 requires.  But *Litzy* failed to recognize that the robbery statute ensures that "force" is exerted against a person.  The *Litzy* court also focused on the use of "constraint" and "compulsion" in Ohio's definition of force.  But the Ohio case law *Litzy* cites to does not indicate that "constraint" or "compulsion" includes the type of "mere touch" rejected by *Johnson* 2010.  *Litzy* does not undermine the reasoning put forward in *Mansur*.

*White*, 2016 WL 3945361, at *6 (footnotes omitted); *see also Ginter*, 2016 WL 347663, at *6.  Thus, *Litzy* is not persuasive; the reasoning of *White* and *Ginter*, holding Ohio's definition of "force" as applied to its robbery statute is not broader than the Supreme Court's definition of "physical force" as set forth in *Johnson* (2010), is applicable here.[9]

---

[9]Defendant's citation to *United States v. Torres*, Nos. 15-3346, 15-3353, 2016 WL 1274536 (6th Cir. Apr. 1, 2016) is also distinguishable.  *Torres* is a direct appeal of two defendants wherein defendant Turner argued two of his prior Ohio convictions used as predicate offenses under the ACCA no longer qualified as such under *Johnson*.  The government conceded that Ohio burglary was no longer a predicate offense, but argued Turner's robbery conviction did qualify.  The parties disagreed on what section of the robbery statute Turner had been convicted under.  The Sixth Circuit found the state record contained conflicting information on whether Turner had been convicted of robbery in the second or third degree, which was significant in determining which subsection he was convicted under: subsection (A)(1) being robbery in the second degree, and subsection (A)(3) being robbery in the third degree.  Finding the matter not beyond controversy, the Sixth Circuit remanded the matter for the district court to make a determination of what Ohio offenses qualified Turner for the enhancement.

Here, the Government and Artis have not articulated a disagreement on the Ohio robbery offense for which Artis was convicted.  Artis's filings indicate he was convicted of third-degree robbery, and the Government has not disputed this fact.  Moreover, Artis admitted during his rearraignment and the parties agreed in the Plea Agreement that Artis had a prior conviction for third-degree felony robbery.  (R. 37, at 4; R. 49, at 10).  As discussed above, only one section of the robbery statute constitutes a third-degree felony and that subsection includes as an element the use or threatened use of force against another.  *See* Ohio Rev. Code § 2911.02(A)(3).  Thus, not only is the pending case not a direct appeal, but it does not contain the confusion that existed in *Torres* over what Ohio robbery offense was the basis of Artis's prior conviction.

Accordingly, because Artis's conviction of third-degree robbery contains an element requiring the use or threatened use of force, it qualifies as a crime of violence under the use-of-force clause of the career-offender Guideline.[10]   Therefore, it will be recommended that Artis's *Johnson* claim be dismissed.

**B.      Artis's non-*Johnson* arguments are barred by the statute of limitations and also lack merit.**

**1.      Artis's non-*Johnson* claims are barred by the statute of limitations.**

Artis's non-*Johnson* arguments are untimely.   A one-year statute of limitations applies to § 2255 motions.  28 U.S.C. § 2255(f).  This period runs from the latest of:  1) the date on which the judgment of conviction becomes final; 2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; 3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or 4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

Here, Artis is challenging his amended sentence on the underlying conviction.  As explained above, Artis filed a direct appeal of the original judgment, and the matter was remanded for resentencing upon the Government's concession.  (R. 50).  After resentencing, Artis again filed a direct appeal.  The Sixth Circuit affirmed the District Court's Judgment on March 17, 2009.  (R. 76).

---

[10]Because Artis's Ohio conviction for third-degree felony robbery meets the definition of a crime of violence independent of the residual clause, his argument that it no longer qualifies as a predicate offense under *Johnson* lacks merit, and whether this conviction also qualifies as a crime of violence under the enumerated-offense clause need not be considered.

Because Artis did not file a petition for certiorari with the United States Supreme Court, his conviction became final for purposes of § 2255(f)(1) on June 15, 2009, when his 90-day time period for doing so expired. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004) (explaining "[w]hen a federal criminal defendant takes a direct appeal to the court of appeals, his judgment of conviction becomes final for § 2255 purposes upon the expiration of the 90-day period in which the defendant could have petitioned for certiorari to the Supreme Court, even when no certiorari petition has been filed). Thus, to be deemed timely under § 2255(f)(1), Artis was required to file a § 2255 motion no later than June 15, 2010. Artis placed the pending Motion in his institution's mailing system on May 9, 2016–nearly 6 years too late. (*See* R. 95, at 13).

Artis does not assert any facts that would implicate § 2255(f)(2), (f)(3) or (f)(4) with respect to his non-*Johnson* arguments that: 1) his prior convictions should have counted as one conviction instead of two; and 2) his counsel provided him with ineffective assistance. Specifically, Artis does not assert any action by the government prevented him from making a timely motion; that the Supreme Court recognized a new right with respect to these arguments that has been made retroactive on collateral review; or the existence of facts affecting his case that could not have previously been discovered through the exercise of due diligence.

To the extent Artis attempts to excuse his untimeliness on the basis of actual innocence, this argument fails. The Sixth Circuit has held it only applies the "actual innocence" exception to excuse a late habeas filing in a non-capital case where the defendant is factually innocent of the crime for which he was convicted. *See Lee v. Brunsman,* 474 F. App'x 439, 441-42 (6th Cir. 2012); *see also Beard v. United States*, No. 09-33, 2014 WL 4659641, at *4 (S.D. Ohio Sept. 16, 2014) (rejecting argument that defendant's assertion of actual innocence of the career-offender enhancement should

15

excuse his late filing because "actual innocence of a factor that enhances a sentence will not suffice to justify a merits review of an untimely petition."), *adopted by* 2014 WL 5222202 (S.D. Ohio Oct. 14, 2014).

Here, Artis does not contend that he did not commit the acts forming the basis of his conviction.  Instead, he argues he is innocent of being a career offender.  In addition, he argues his prior Ohio convictions should have counted as one offense–not two, and his counsel provided ineffective assistance in not investigating his prior offenses.  Because the actual innocence exception does not apply in this circumstance to excuse his untimeliness, his non-*Johnson* claims should be dismissed as being untimely.

> **2.     Artis has procedurally defaulted his non-*Johnson* challenge to his sentence.**

Even if Artis's non-*Johnson* argument that his prior convictions should have counted as one offense was not time-barred, he procedurally defaulted the claim by not raising it in his direct appeal. It is well established that a § 2255 motion "is not a substitute for direct appeal." *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003).  Except for a claim of ineffective assistance of counsel, a federal prisoner's failure to raise a claim on direct appeal results in a procedural default of that claim. *Bousley v. United States*, 523 U.S. 614, 621 (1998).  For a federal prisoner to obtain review of a defaulted claim in a § 2255 motion, he must show cause and prejudice. *Id.* at 622.

As noted above, Artis argues his designation as a career offender was in error because his prior offenses should not have counted as two offenses since the state cases were consolidated.  (R. 95-1, at 2; R. 100, at 5-6).  Review of the Plea Agreement, the Sentencing Memorandum filed on Artis's behalf, the transcripts of the rearraignment and both sentencing proceedings, as well as Artis's PSR and two addendums thereto, reveals they do not evidence that Artis raised before the

16

presiding District Judge the issue of whether his predicate offenses properly counted as "two prior felony convictions" under Sentencing Guideline § 4B1.2(c). In fact, the record demonstrates that Artis admitted to being a career offender. (*See* 37, at 4-5, ¶ 5(d)). Artis also did not file an Objection to the PSR challenging the finding that he qualified as a career offender. In addition, despite filing a direct appeal of the Amended Judgment challenging his sentence, the record does not demonstrate that he attempted to raise the present issue in that direct appeal.

Artis has not set forth any specific basis to establish cause for his failure to raise this argument with the District Judge or on appeal. Even assuming *arguendo* that his vague claim of ineffective assistance of counsel, first raised in his Reply, was sufficient to attribute cause for his procedural default to the deficient performance of his counsel, he cannot establish prejudice because, as explained below, his argument lacks merit.

Further, while a defendant who fails to establish cause and prejudice may still be able to obtain review of a procedurally defaulted claim if his case fits within a narrow class of cases permitting review in order to prevent a fundamental miscarriage of justice, as when he submits new evidence showing that a constitutional violation has probably resulted in a conviction of one who is actually innocent, Artis does not assert that he is innocent of the underlying charge. *Bousley*, 523 U.S. at 622-23 (citing *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986)). Instead, Artis argues he should have received a lesser sentence because the Court misapplied the career-offender Guideline in his case. The Sixth Circuit has held, however, that the actual innocence exception to procedural default "does not permit prisoners to raise claims about guidelines calculations in a collateral attack." *Gibbs v. United States*, 655 F.3d 473, 478 (6th Cir. 2011) (rejecting argument that defendant is excused from his procedural default because he was actually innocent of sentence where he argued

the district court miscalculated offense level under Sentencing Guidelines).  Thus, Artis has not made a sufficient showing to overcome procedural default, and therefore his non-*Johnson* claim challenging his designation as a career offender is barred from collateral review on this basis.

> **3.      Artis's claims fail on the merits**.

> > **a.      Artis's prior convictions for drug trafficking and robbery counted as two felony convictions for purposes of determining whether he qualified as a career offender.**

Artis challenges the propriety of counting separately his prior felony convictions for drug trafficking and third-degree robbery because he asserts the cases were "consolidated."  (R. 95-1, at 2).  In support, Artis has attached the state forms from his third-degree robbery and drug-trafficking cases that indicate he agreed with the prosecution to a potential sentence of one year of incarceration in each of the two cases to run concurrent with the other case.  (R. 95-1, at 5-6).  Artis contends that because of the consolidation, he received only one sentence for both cases and thus they should have counted as one prior felony conviction, not two.[11]

Application of Sentencing Guideline § 4B1.2(c) demonstrates that Artis's prior convictions were properly counted as two prior felony convictions.  Section 4B1.2(c) provides:

> The term "two prior felony convictions" means (1) the defendant committed the instant offense of conviction subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense . . ., and (2) the sentences for at least two of the aforementioned felony convictions are counted separately under the provisions of § 4A1.1(a), (b), or (c)[.]

---

[11]In his Reply, Artis seems to change his argument, stating because his third-degree robbery conviction no longer qualifies as a crime of violence and his drug charges were consolidated, he only had one prior felony conviction.  However, as discussed above, the third-degree robbery conviction qualifies as a crime of violence without resort to the residual clause.  Thus, having two prior felony convictions for both a controlled substance offense and a crime of violence, Artis was properly found to be a career offender.

U.S.S.G. § 4B1.2(c).   Review of the PSR reveals that the sentences on Artis's prior felony convictions for third-degree robbery and the drug-trafficking offense were counted separately under § 4A1.1(b), which provides "[a]dd 2 points for each prior sentence of imprisonment of at least sixty days not counted in (a)."  Application Note 2 to Sentencing Guideline § 4A1.1 provides that the term "prior sentence" is defined in § 4A1.2(a).  Under the 2007 edition of the Sentencing Guidelines Manual, § 4A1.2(a)(2) explains that "[p]rior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense)."[12] The PSR supports a finding, and Artis does not argue otherwise, that Artis was arrested on the robbery charge on May 28, 1997, which was prior to the conduct involved in his June 1997 drug-trafficking charges.  (PSR, at ¶¶ 30-31).   Thus, Artis's prior convictions for third-degree robbery and drug trafficking were properly counted as two prior felony convictions under Sentencing Guideline § 4B1.2(c), and his argument to the contrary lacks merit.

### b.   Artis has not met his burden of establishing ineffective assistance of counsel.

In his Reply, Artis makes a vague argument that his counsel provided ineffective assistance for failing to investigate his prior convictions.  (R. 100, at 3).  Artis's failure to raise any form of this argument in his initial Motion waives the claim.  *See Sanborn v. Parker*, 629 F.3d 554, 579 (6th Cir.

---

[12]The 2007 and 2005 editions of the Sentencing Guidelines Manual contain different language for § 4A1.2(a)(2).  However, under either edition, the result is the same.  In the 2005 version, § 4A1.2(a)(2) explained that prior sentences imposed in unrelated cases are to be counted separately.  Application Note 3 to then Sentencing Guideline § 4A1.2 provided "[p]rior sentences are not considered related if they were for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense.)."  Thus, under either the 2005 or 2007 editions, because Artis had been arrested on the third-degree robbery offense prior to committing his drug-trafficking offense, the concurrent sentences counted separately.

2010) (citing *Am. Trim, L.L.C. v. Oracle Corp.*, 383 F.3d 462, 477 (6th Cir. 2004)); *see also United States v. McCorkle*, No. 1:07-cr-288, 2010 WL 2131907, at *7 (W.D. Mich. Mar. 30, 2010) (collecting cases); *Burns v. Lafler*, 328 F. Supp. 2d 711, 724 (E.D. Mich. 2004). It will therefore be recommended that to the extent Artis attempts to raise an ineffective assistance of counsel claim in his Reply, the claim be denied as procedurally improper. In addition, Artis's effort to present an ineffective assistance of counsel claim fails on the merits and thus, the Court will also recommend dismissal for that reason.

The Supreme Court has held that "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper function of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To meet this standard, the Court set forth a two-part test. First, a defendant is required to show that counsel's representation fell "below an objective standard of reasonableness." *Id*. at 687-88. In reviewing this prong, the lower court is to apply a deferential standard; there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 689. If a defendant satisfies the first prong, he must also establish that counsel's deficient performance prejudiced him. *Id*. at 691-94. Specifically, he must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. Thus, an error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error did not affect the judgment. *Id.* at 691.

In the context of a guilty plea, where a defendant is represented by counsel and enters a guilty plea upon advice of counsel, the voluntariness of the plea depends on whether counsel's advice "was

within the range of competence demanded of attorneys in criminal cases." *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)).   While the deficient performance prong of the *Strickland* test remains the same, to establish prejudice a defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  *Hill*, 474 U.S. at 59; *Griffin v. United States*, 330 F.3d 733, 737 (6th Cir. 2003) (quoting *Hill*, 474 U.S. at 58-59).   Both prongs of the test must be met before a court finds ineffective assistance, but courts are not required to conduct an analysis under both.  *Strickland*, 466 U.S. at 697.  If the court finds a defendant cannot meet his burden of proof on one prong, it need not address the second prong.  *Id.*

Here, even if the Court assumes for sake of argument that counsel was ineffective in not investigating the prior convictions, Artis has not articulated how he was prejudiced by this alleged failure.  Specifically, Artis has not asserted what additional information counsel would have learned that was not already known to her had she investigated his prior convictions.  To the extent Artis contends counsel would have learned that his prior convictions did not qualify as predicate offenses or should have counted as only one prior felony conviction, these arguments lack merit as explained above.  In addition, Artis has not alleged that he would not have pleaded guilty and would have insisted on going to trial had he had this additional information. *Hill*, 474 U.S. at 59.  Thus, Artis's ineffective assistance of counsel claim fails under the prejudice prong, and consideration of the deficient-performance prong is not required.

### C.    An evidentiary hearing is not warranted.

Artis argues an evidentiary hearing on his Motion is necessary.  (R. 95-1, at 1-2).  However, no hearing is necessary "where the petitioner's allegations 'cannot be accepted as true because they

21

are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)).   Here, Artis's § 2255 Motion, along with the record in this case, conclusively show that he is not entitled to the relief he seeks.   Accordingly, no evidentiary hearing is warranted.

## III.    CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Federal Rules Governing Section 2255 Proceedings, the district court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to the applicant.   A certificate may issue only if a defendant has made a substantial showing of the denial of a constitutional right.   28 U.S.C. § 2253(c)(2).   The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (addressing issuance of a certificate of appealability in the context of a habeas petition filed under 28 U.S.C. § 2254, which legal reasoning applies with equal force to motions to vacate brought pursuant to 28 U.S.C. § 2255).   In cases where a district court has rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."   *Id*.   "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."   *Id*.

In this case, reasonable jurists would not debate the denial of Artis's § 2255 Motion or conclude that the issues presented are adequate to deserve encouragement to proceed further. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is recommended that a certificate of appealability be **denied** upon the District Court's entry of its final order in this matter.

## IV.    CONCLUSION AND RECOMMENDATIONS

For the reasons stated herein, **IT IS RECOMMENDED** that:

(1)     Defendant Artis's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (R. 95) be **denied**;

(2)     a Certificate of Appealability be denied by the District Judge in conjunction with the Court's entry of its final order in this matter;

(3)     Judgment in favor of the United States be entered contemporaneously with the District Court's entry of its final order; and,

(4)     this action be stricken from the active docket of the Court.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Report and Recommendation, issued under subsection (B) of the statute. *See also* Rules Governing Section 2255 Proceedings, Rule 8(b). Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947, 950 (6th Cir. 1981).

Dated this 27th day of December, 2016.

 Signed By:

**_Candace J. Smith_**

**United States Magistrate Judge**

J:\DATA\habeas petitions\2255 R&R general\06-31-DLB Artis R&R final.wpd