**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON**

**CRIMINAL ACTION NO. 06-31-DLB-CJS**

**UNITED STATES OF AMERICA**                                          **PLAINTIFF**

**V.**          **ORDER ADOPTING REPORT AND RECOMMENDATION**

**LARON ARTIS**                                               **DEFENDANT**

\*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\*

Proceeding *pro se*, Defendant Laron Artis filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. # 95).[1] In his Motion, Artis challenges his sentence pursuant to the Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015), argues that he was incorrectly sentenced as a career offender, and claims he was denied effective assistance of counsel. Pursuant to the Court's local practice, the Motion was referred to a Magistrate Judge for preparation of a Report and Recommendation ("R&R").

This matter is presently before the Court on Magistrate Judge Candace Smith's R&R (Doc. # 103), wherein she recommends that the Court deny Artis's Motion to Vacate. Artis having filed Objections to the R&R (Doc. # 104), this matter is now ripe for the Court's review. Upon review, all of Artis's Objections lack merit. Thus, the R&R will be fully adopted as the findings of fact and conclusions of law of the Court.

---

1      As Artis is proceeding *pro se*, the Court acknowledges its duty to review his filings under a lenient standard, liberally construing his pleadings. *See Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985).

I.     **FACTUAL AND PROCEDURAL BACKGROUND**

The following factual and procedural background is taken from the Magistrate Judge's R&R:

> On July 26, 2006, Artis appeared before the presiding District Judge and, pursuant to a written Plea Agreement, pleaded guilty to Count 3, which charged him with knowingly and intentionally possessing with intent to distribute 50 grams or more of cocaine base, as well as Count 7, an asset forfeiture count. The Government agreed to move to dismiss the remaining counts at the time of sentencing.
>
> On November 28, 2006, Artis appeared before the presiding District Judge for sentencing. The District Judge confirmed Artis did not have any unresolved objections to the Presentence Investigation Report (PSR) that impacted sentencing and explained the Sentencing Guidelines calculations, which included confirmation of the parties; agreement that Artis met the definition of a career offender under Sentencing Guidelines § 4B1.1. The Court found Artis's total offense level to be 34 and his criminal history category to be VI, which resulted in a range of 262 to 327 months of imprisonment under the Sentencing Guidelines. For reasons not relevant to the adjudication of the pending Motion, the presiding District Judge departed below the Sentencing Guidelines range and sentenced Artis to the mandatory minimum of 240 months with a 10-year term of supervised release to follow.
>
> Artis filed a direct appeal, arguing the Government breached the Plea Agreement. The Government voluntarily moved to remand the case, and the Sixth Circuit remanded the matter for resentencing. On January 4, 2008, Artis appeared for resentencing, and was sentenced to 180 months of imprisonment to be followed by 8 years of supervised release. Artis again appealed his sentence, which the Sixth Circuit affirmed.

(Doc. # 103, p. 1-2) (internal citations omitted). Artis has now filed the instant Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. # 95).

II.    **ANALYSIS**

    **A.     Legal Standard**

A court may grant relief under 28 U.S.C. § 2255 if the defendant establishes that:

(I) the sentencing court imposed his sentence in violation fo the Constitution or laws of the United States; (ii) the court lacked jurisdiction to impose the sentence; (iii) the sentence imposed exceeded the maximum authorized by law; or (iv) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

In his Motion, Artis relies on *Johnson* to argue that his Ohio conviction for third-degree robbery no longer qualifies as a crime of violence under the career-offender Guideline. Additionally, Artis argues that his career-offender designation was in error because his prior convictions should have counted as only one offense. Finally, Artis claims he received ineffective assistance of counsel during his sentencing. The Court will consider each of Artis's arguments in turn.

**B.   *Johnson* Challenge to "Career Offender" Designation**

Under United States Sentencing Guideline § 4B1.1, a criminal defendant classified as a "career offender" is subject to an enhanced advisory sentencing guideline range. There are three requirements for determining whether a defendant is a "career offender": "(1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). When Artis was sentenced, the Sentencing Guidelines' "crime of violence" and the Armed Career Criminal Act's "violent felony" were defined similarly, as any offense "punishable by imprisonment for a term exceeding one year ... that ... has as an element the use, attempted, use, or threatened use of physical force against the person of another; or ... is murder, voluntary manslaughter, kidnaping, aggravated assault, a

3

forcible sex offense, robbery, burglary of a dwelling, arson, or extortion ... *or otherwise involves conduct that presents a serious potential risk of physical injury to another* ..." U.S.S.G. § 4B1.1(a) (emphasis added). The italicized portion is commonly referred to as the "residual clause."

In *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act violated due process because it was unconstitutionally vague. *Johnson*, 135 S.Ct. at 2557. The Sixth Circuit extended *Johnson*'s holding in *Pawlak*, invalidating the identical residual clause in the Sentencing Guidelines. *Pawlak*, 822 F.3d at 911. Therefore, "crimes of violence" under the residual clause are no longer qualifying convictions for guideline purposes. *Id.*

Here, the Magistrate Judge correctly found that Artis was a career offender under the Sentencing Guidelines. Artis was not sentenced under the residual clause in U.S.S.G. § 4B1.2(a)(2). Rather, Artis had two prior qualifying convictions - one for a controlled substance offense, and one for a crime of violence under the "use-of-force" clause. Because there is no residual clause in the definition of "controlled substance offense," neither *Johnson* nor *Pawlak* applies to that offense. Therefore, the only question is whether Artis's "crime of violence" offense is invalidated by *Johnson* or *Pawlak*.

The Ohio robbery statute, as it was written at the time of Artis's conviction, provided that a person committed a felony of the third degree if he "[u]se[d] or threaten[ed] the immediate use of force against another." Ohio Rev. Code § 2911.02(A)(3). Courts in this District have found that the Ohio robbery statute qualifies as a crime of violence under the "use-of-force" provision in § 4B1.2. *See, e.g.*, *United States v. Ginter*, No. 5:13-cr-151-

DCR, 2016 WL 347663 (E.D. Ky. Jan. 28, 2016). Thus, Artis's conviction fell under the "use-of-force" clause, not the residual clause, of the career-offender enhancement. Accordingly, *Johnson* and *Pawlak* do not apply, and Artis's sentence is not unconstitutional. *See United States v. Priddy*, 808 F.3d 676 (6th Cir. 2015) (explaining that *Johnson* does not invalidate sentences based on the use-of-force clause or enumerated-offense clause).

In his Objection, Artis alternatively claims that he was not convicted under § 2911.02(A)(3), the provision of the Ohio robbery statute describing robbery in the third degree. Instead, Artis claims he was convicted under § 2911.02(A)(2), which does not involve the use of physical force. Thus, Artis contends, his conviction was not a "crime of violence." Upon review of the record, this Court is satisfied that Artis was, in fact, convicted of third-degree felony robbery in Ohio under § 2911.02(A)(3). Accordingly, Defendant Artis's objection is overruled.

### C. Non-*Johnson* Claims

Artis's non-*Johnson* claims are untimely. A one-year statute of limitations applies to § 2255 motions. 28 U.S.C. § 2255(f). As the Magistrate Judge explained, Artis's judgment of conviction became final on June 15, 2009, after which he had one year to file a § 2255 motion. However, Artis did not mail his § 2255 Motion until May 9, 2016. He does not assert that any action by the government prevented him from making a timely motion, that the Supreme Court recognized a new right with respect to his arguments, or that new facts affecting his case have been discovered. Therefore, his motion is untimely.

Artis also procedurally defaulted on his non-*Johnson* challenge to his sentence. Aside from a claim for ineffective assistance of counsel, the failure to raise a claim on direct appeal results in a procedural default of that claim. *Bousley v. United States*, 523 U.S. 614, 621 (1998). The Magistrate Judge explained that Artis did not raise his claim on direct appeal, and he has not set forth any basis to establish cause for failure to raise it on appeal. Therefore, Artis's non-*Johnson* challenge to his sentence is procedurally barred.

Despite the fact that Artis's remaining claims are untimely and/or procedurally barred, the Magistrate Judge thoroughly reviewed them on the merits.

### 1.   "Career-offender" designation

Sentencing Guideline § 4B1.2(c) provides that "the term 'two prior felony convictions' means (1) the defendant committed the instant offense of conviction subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense ..., and (2) the sentences for at least two of the aforementioned felony convictions are counted separately under the provisions of 4A1.1(a), (b), or (c)[.]"

In the R&R, the Magistrate Judge explained that Artis had two separate prior felony convictions:

> Under the 2007 edition of the Sentencing Guidelines Manual, 4A1.2(a)(2) explains that '[p]rior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense).' The PSR supports a finding, and Artis does not argue otherwise, that Artis was arrested on the robbery charge on May 28, 1997, which was prior to the conduct involved in his June 1997 drug-trafficking charges.

(Doc. # 103, p. 19). Artis does not raise an objection to this part of the R&R. Accordingly, this Court adopts the Magistrate Judge's conclusion that Artis's prior

convictions for third-degree robbery and drug trafficking were properly counted as two prior felony convictions.

### 2. Ineffective Assistance of Counsel

To establish ineffective assistance of counsel, a defendant must satisfy two essential elements. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, the defendant must show that his attorney's performance was deficient. *Id*. "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. Second, the defendant must demonstrate that "the deficient performance prejudiced the defense." *Id*. "Unless a defendant makes both showings, it cannot be said that the conviction ... resulted from a breakdown in the adversary process that renders the result unreliable." *Id*. For this reason, the Sixth Circuit has held that a court need not address both prongs if a defendant fails to make a sufficient showing on either prong. *See United States v. DeGroat*, 102 F. App'x 956, 959 (6th Cir. 2004).

Artis has failed to meet the second element - he has not demonstrated any prejudice as a result of his counsel's performance. Artis claims that counsel was ineffective in not investigating his prior convictions. However, as the Magistrate Judge explained, "Artis has not asserted what additional information counsel would have learned that was not already known to her had she investigated his prior convictions." (Doc. # 103, p. 21). Further, as explained above, Artis's arguments regarding his "career offender" classification are meritless. Consequently, Artis cannot show any prejudice resulting from his counsel's performance, and his claim fails. *United States v. Martin*, 45 F. App'x 378,

381-82 (6th Cir. 2002) ("Failure of trial counsel to raise wholly meritless claims cannot be ineffective assistance of counsel.") Therefore, Artis's claims regarding his status as a "career offender" and the alleged ineffective assistance of counsel fail, and his Motion to Vacate is denied.

### D. Certificate of Appealability

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks and citations omitted); 28 U.S.C. § 2253(c)(2). When the denial of a § 2255 motion is based on the merits, the defendant must demonstrate that 'reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Artis has not met this burden. Therefore, the Court agrees with the Magistrate Judge's recommendation that no certificate of appealabilty shall issue.

### III. CONCLUSION

Accordingly, for the reasons stated herein, **IT IS ORDERED** as follows:

(1) The Report and Recommendation of the United States Magistrate Judge (Doc. # 103) is hereby **ADOPTED** as the findings of fact and conclusions of law of the Court;

(2) Defendant's Objections (Doc. # 104) are hereby **OVERRULED** as set forth herein;

(3) Defendant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. # 95) is hereby **DENIED**;

(4) This matter is hereby **DISMISSED** and **STRICKEN** from the Court's active docket; and

(5) For the reasons set forth herein and in the Magistrate Judge's Report and Recommendation (Doc. # 103), the Court determines there would be no arguable merit for an appeal in this matter and, therefore, no certificate of appealability shall issue.

This 7th day of February, 2017.



Signed By:
<u>David L. Bunning</u>
United States District Judge

K:\DATA\ORDERS\Covington Criminal\2006\06-31 Order adopting R&R.wpd